Treig and Heather Wood
7904 Balta Lane
Coeur d'Alene, Id 83815
Ph: 208.651.3584
Fax: 888.259.8757

U.S. COURTS

MAR 0 3 2011

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH, CLERK
CLERK, DISTRICT OF IDAHO

Re: Treig and Heather Wood vs Wells Fargo Home Mortgage
    Case No. 2:11-cv-00020-EJL

Dear Judge Lodge,

   Please find enclosed attorney Ken Howell's corresponded to me today. As he states in the email, I would be responsible for paying his fees for writing a response to my letter of earlier today. I don't believe that is fair or legal, however if the court determines that Mr. Howell is correct, then I am afraid I have no choice but to request that the court withdraw my letter because my family and I cannot afford to pay Mr. Howell to write Wells Fargo's responses.


Mr. Howell's E-Mail:

Mr. Wood:

Your letter references an enclosure, which is not contained in the draft

you forwarded to me. Can you please forward to me any such enclosure?


Your letter, to the extent that it suggests I have "refused" to discuss

the merits of your case is completely in error. I have not refused any

conversation you have sought on this case. To the contrary, I have

taken each and every one of your calls, and have discussed any issue you

chose to discuss. While I am loathe to require that our communications be limited to those in writing as a means to assure we have a written record of what was actually discussed, should you chose to make these sorts of untrue allegations, I may be required to do so.

Please specify for me the date of each call you claim to have had a discussion of "the merits" of your case, and please specify for me what "merits" you have sought to discuss that I have "refused" to address.

This claim is without basis in fact, and to the extent I will be required to spend time responding to it, you should know that I will seek as a sanction the award of the costs and attorney fees my client incurs in responding to it.

Your claim that I have advised you "on numerous occasions that procedurally my pleadings have technical defects" is also untrue. The only conversation we have had regarding the procedural aspects of your case it this afternoon. That conversation occurred following your quixotic indication that your telephone call inquiring about when Wells Fargo might file a response to your motion to compel satisfied the court's requirement that we meet and confer regarding motions to compel.

Not only was your telephone call lacking in any good faith effort to resolve a discovery dispute, but it was (as I pointed out to you) an incorrect procedure because your "motion to compel" was not filed in response to any failure to answer discovery -- which is the only basis for a motion to compel that I am aware of under the rules.

Further, as I mentioned to you, I am not providing any legal advice to you in this regard. I am merely pointing out the fact that if you choose to represent yourself, you are required to become sufficiently familiar with the civil procedures and rules to be able to comply with those requirements. Your pleadings filed with the court, together with items of correspondence such as that you propose to send, clearly illustrate that you have failed to do so.

To the extent you claim that I have not tried to resolve the substance of the case, you are also incorrect. You will recall that based on your request for additional consideration of a modification, I forwarded to you an application for a forbearance. You quickly and unequivocally rejected any consideration of completing that forbearance request. You stated, in fact, "I am not going down that road again."

I advised you that this procedure was your only mechanism for avoiding the foreclosure sale by agreement. You have chosen to reject that opportunity. As regrettable as that is in and of itself, your statement that I have not tried to resolve the merits of the case is simply not true.

Finally, while I will not reiterate to you my comment in our brief call earlier today that you are failing to follow the procedures imposed by the Federal Rules of Civil Procedure and the Local Rules, your correspondence directly to the Court contravenes the Court's rule, which provides:

EX PARTE COMMUNICATION WITH JUDGES

Attorneys or parties to any action or proceeding should refrain from writing letters to the judge, or otherwise communicating with the judge, unless opposing counsel is present.
All matters to be called to a judge's attention should be formally submitted as hereinafter provided.

Your correspondence is not the formal submittal that the rules require.

In due course I will be filing responses to your pleadings, and I will do so -- as I indicated to you in our telephone call -- within the time required by the rules of civil procedure.

--Ken

-----Original Message-----

From: Vital Power and Equipment

[mailto:treig@vitalpowerandequipment.com]

Sent: Thursday, March 03, 2011 4:09 PM

To: Ken Howell

Subject: Letter to Judge

Mr. Howell,

Here is our letter to Judge Lodge that will be filed tomorrow morning.

Regards,

Treig

Treig Wood

Vital Power and Equipment, LLC

CDA, ID USA, 83815

Phone: 208.209.5702

Fax:    888.259.8757

    In addition, in order to reduce this courts burdensome docket, I agree that we should have a Magistrate Judge review this case. Unfortunately, Mr. Howell's client has not signed the form, which requires me to ask your Honor to enter the enclosed order, staying the foreclosure for 60 days, while this court reviews my complaints and Wells Fargo responds to my discovery (which they have yet to do). I am also willing to go to mediation or any other type of alternative dispute resolution that the court directs. Unfortunately, during the call with your law clerk Mrs. Nancy Baskins, Wells Fargo would not commit to mediation. I don't understand why they would not want to mediate when this court explicitly encourages parties to participate in mediation.

Regards,

Treig Wood

Cc: Northwest Trustee Services
Freddie Mac
Kenneth Howell
Via E-mail and/or Fax