Kenneth C. Howell, ISB No. 3235
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5226
Email: khowell@hawleytroxell.com

Attorneys for Defendants WELLS FARGO HOME MORTGAGE;
WELLS FARGO BANK, N.A.; WELLS FARGO FINANCIAL;
WELLS FARGO BANK; and WELLS FARGO AND COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| TREIG and HEATHER WOOD,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; WELLS FARGO FINANCIAL; WELLS FARGO BANK; WELLS FARGO AND COMPANY; NORTHWEST TRUSTEE SERVICES; FEDERAL HOME LOAN MORTGAGE CORPORATION; CHARLES E. HALDEMAN, JR., in his capacity as Chief Executive Officer of FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Defendants. | Case No. 2:11-cv-00020-EJL<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

Pursuant to Local Civil Rule 7.1(b)(1), named Defendants Wells Fargo Home Mortgage; Wells Fargo Bank, N.A.; Wells Fargo Financial; Wells Fargo Bank; and Wells Fargo and Company (collectively, "Wells Fargo") submit this memorandum in support of their motion to

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1

dismiss Plaintiffs Treig and Heather Wood's ("Plaintiffs") Amended Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.

## I.
## INTRODUCTION

Plaintiffs brought this action against Wells Fargo and others requesting: (1) a rescission of their deed of trust; (2) an order forcing Wells Fargo to give Plaintiffs a HAMP loan modification; and (3) alternatively or in conjunction, a stay of foreclosure.

As the claimed basis for the right to this relief, Plaintiffs set forth a multitude of claims, some claiming a statutory basis, some sounding in contract, and others sounding in tort. Plaintiff's claims a violation of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA") and the Home Owners Equity Protection Act ("HOEPA"), the Idaho Consumer Protection Act ("ICPA"), and the Fair Credit Reporting Act ("FCPA"). Plaintiffs' contract claims include breach of contract, implied contract, violation of the implied covenant of good faith and fair dealing, promissory estoppel, and third party beneficiary. Plaintiff's tort claims include fraud, negligent and intentional infliction of emotional distress and negligent misrepresentation, negligence, defamation, libel and negligent injury to reputation.

The essential factual basis for all of Plaintiffs' allegations and causes of actions that they applied to Wells Fargo for a loan modification under the Home Affordable Modification Program ("HAMP"), and that Wells Fargo denied them a modification. Because no private cause of action exists under HAMP, Plaintiffs are not entitled to any of the relief they seek.

Aside from the fact that Plaintiffs have no private right of action under HAMP, it is evident that none of Plaintiffs' causes of action independently state a claim which gives rise to the relief requested, even if all of the well-pleaded facts Plaintiffs allege in the Complaint are

true. Accordingly, each of the eighteen causes of action against Wells Fargo should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## STATEMENT OF RELEVANT FACTS

The Court has already identified the material, relevant facts in its existing Memorandum Decision, Dkt. No. 27. Plaintiffs executed a promissory note and mortgage for their residence at 7904 Balta Lane, Coeur d'Alene, Idaho in September, 2007. *See* Dkt. No. 27 at 3. Plaintiffs admit they defaulted on their loan payments. *Id.* Plaintiffs claim they requested a modification of their loan under HAMP from Wells Fargo. *Id. See Also* Dkt. No. 18. Wells Fargo did not agree to extend a loan modification under HAMP to Plaintiffs. Wells Fargo offered Plaintiffs a forbearance agreement, which Plaintiffs rejected.

## III.
## STANDARD OF REVIEW

The standard of review for a motion to dismiss is familiar to the Court, and it has already been adequately articulated in the Court's Order regarding the Motion to Dismiss Plaintiffs' original complaint, Dkt. No. 27 at pp. 6-9. Wells Fargo adopts this standard by reference to avoid undue repetition.

## IV.
## EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

**A.    The Available Modification Programs under the Housing and Economic Recovery Act of 2008 Do Not Create Contractual Obligations and Do Not Create a Private Right of Action**

The Housing and Economic Recovery Act of 2008 ("HERA") implemented a number of programs involving the conduct of servicers of mortgages, such as Wells Fargo. Those programs required servicers to participate in various loan adjustment programs described in

guidance issued by the Department of the Treasury. The language of the HERA requires the Secretary of the Treasury "to encourage the servicers of the underlying mortgages, considering the net present value to the taxpayer, to take advantage of the HOPE for Homeowners Program." *See* 12 U.S.C. § 219. HAMP is one such program. While the Secretary "must *encourage* mortgage servicers to modify loans, the statute does not *require* Defendant or other mortgage servicers to modify loans." *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741 at 748 (E.D. Michigan, 2010)[emphasis in original]. *See also Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BLM, 2009 WL 4981518 at *3 (S.D.Cal. Dec. 15, 2009). As the *Hart* court noted, "even if Plaintiff were eligible for modification, there would be no duty imposed on Defendant for which Plaintiff could seek relief." *Hart, supra at* 748.

In addition to the fact that HERA and HAMP do not require servicers to enter into modifications, it is clear that no private right of action is granted to borrowers to enforce those statutes. "There is no express or implied right to sue fund recipients ... under TARP or HAMP." *Hart, supra at* 748, *quoting Aleem v. Bank of America*, No. EDCV 09-01812-VAP(Rzx), 2010 WL 532330, *4, 2010 U.S.Dist. LEXIS 11944, *12 (C.D.Cal. Feb. 9, 2019. *See Also Zendejas v. GMAC Wholesale Mortgage Corp*, No. 1:10-CV-00184 OWW GSA, 2010 WL 2490975 (E.D.Cal. June 16, 2010) (concluding that third-party beneficiaries such as homeowners seeking modification of their loans cannot enforce government contracts "absent a clear intent to the contrary," and that HAMP expresses no such intent.).

**B.     Plaintiff's Request for Declaratory and Injunctive Relief is Based Upon A Claimed Right to a Modification and is Thus Without Legal or Factual Support.**

In their first count, Plaintiffs seek a declaratory judgment dismissing the foreclosure against the subject property (the "Property"), declaring that Wells Fargo is legally obligated to provide Plaintiffs with access to special troubled loan servicing, and enjoining Wells Fargo from

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 4

commencing foreclosure until such servicing is provided to Plaintiffs. Complaint, ¶ 81. Plaintiffs do not cite any legal support for their assertion that they have a "right" to receive foreclosure prevention servicing from Wells Fargo. There is in fact no such right.[1]

Pursuant to Idaho Code § 10-1201, courts have the power to declare rights, status, and other legal relations and such declarations have the force and effect of a final judgment or decree. Whether a court provides a declaratory remedy or the nature of that remedy is committed to the sound discretion of the court. *Plum Creek Timber Co., Inc. v. Trout Unlimited*, 255 F.Supp.2d 1159, 1164 (D. Idaho 2003); *Am. Economy Ins. Co. v. Williams*, 805 F.Supp. 859, 863 (D. Idaho 1992).

Plaintiffs do not allege or identify any statutory or regulatory provision that provides them with the "right" to receive foreclosure prevention loan servicing from Wells Fargo. Given that Plaintiffs have no "right" to such servicing, their allegation that Wells Fargo failed to provide a modification to them provides no basis for a claim for relief. Accordingly, Plaintiffs fail to provide any basis for their first cause of action and claims for injunctive relief, and those claims should be dismissed.[2]

---

[1] An injunction forcing a loan modification can be interpreted as an attempt to state a claim under HAMP itself. *Zoher v. Chase Home Financing*, 2010 U.S. Dist. LEXIS 109936, *4 (S.D. Fl. October 14, 2010). A private cause of action under HAMP has been repeatedly rejected. *Id.*

[2] Moreover, Plaintiffs' allegations in this regard are inherently in conflict. Pursuant to Plaintiffs' own allegations, Wells Fargo did consider Plaintiffs' loan modification request, but Plaintiffs did not qualify for modification under HAMP and Plaintiffs rejected the internal loan modification offered by Wells Fargo. Complaint, ¶¶ 43, 45, 57.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 5

C. **Plaintiffs and Wells Fargo never entered into a HAMP Contract and there is No Basis for Plaintiffs' Breach of Contract Claims.**

Throughout the Complaint, Plaintiffs assert that they were improperly considered for or improperly denied a HAMP modification. Even if true, these allegations do not give rise to any cognizable cause of action. Plaintiffs do not allege any agreement was reached between themselves and Wells Fargo for modification of their loan; indeed their complaint is replete with references that no such agreement was reached.[3] Plaintiffs cannot establish that they are third party beneficiaries of any agreement between Wells Fargo and Fannie Mae or other entities.

1. *Plaintiffs Fail to Establish an Express Contract.*

Plaintiffs assert two basis for their breach of contract claim: (1) Plaintiffs are entitled to a loan modification under HAMP because Wells Fargo's agreement with the Federal National Mortgage Association ("Freddie Mac") constitutes a valid offer to all eligible borrowers, including Plaintiffs, and Plaintiffs accepted by offer by completing the HAMP applications; and (2) Plaintiffs' return of the HAMP application to Wells Fargo constituted an offer and Wells Fargo accepted the offer when Wells Fargo received the HAMP application and measured it against the HAMP criteria. Complaint, ¶¶ 18, 83-85. Plaintiffs do not claim to have an express contract with Wells Fargo, and indeed their Complaint is replete with references that Wells Fargo refused a contract of modification of their loan. Because Plaintiffs fail to even allege that they have a contractual agreement directly with Wells Fargo, their breach of contract claim must fail.

2. *Plaintiffs Are Not Third Party Beneficiaries.*

---

[3] Plaintiffs in any event makes no allegation that their promissory note was modified in writing, which is a predicate to any claim due to Idaho's Statute of Frauds, Idaho Code § 9-505.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6

By claiming a derivative right flowing from the requirement that Wells Fargo as a servicer participate in the various loan adjustment programs, Plaintiffs claim to be a third-party beneficiary of those agreements. Assuming for the purposes of this motion that there are enforceable agreements binding upon Wells Fargo, Plaintiffs cannot establish that they are the third party beneficiaries of those agreements. As a matter of law, the *Zendejas* decision discussed *supra* made clear that borrowers are not third party beneficiaries of the HAMP program.

Accordingly, Plaintiffs cannot enforce the terms of any agreement binding Wells Fargo as a mortgage servicer as a third party beneficiary, and Plaintiffs' claims as a third party beneficiary must be dismissed.

3.   *Plaintiffs have no private right of action under HAMP.*

As noted above, courts have rejected the proposition that a private right of action exists under the programs created by HERA, including the HAMP. This rejection of the concept of a private right of action under HAMP is not an isolated anomaly. All reported decisions are in accord on this view. *See, e.g., Williams v. Geithner*, 2009 WL 3757380 (D. Minn.) (Nov. 9, 2009); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988 (D. Ariz. June 22, 2010); *Escobedo v. Countrywide Home Loans, Inc.*, 2009 WL 4981618 (S.D. Cal December 15, 2009); *Aleem v. Bank of America*, 2010 WL 532330 (C.D. Cal. February 9, 2010); *Villa v. Wells Fargo Bank, N.A.*, 2010 WL 935680, 2010 WL 935680 (S.D. Cal. March 15, 2010); *Dugger v. Bank of America*, 2010 U.S. Dist. LEXIS 83395 (E.D. Mo. Aug. 16, 2010).

**D.    Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing is Without Merit and Should Be Dismissed.**

Plaintiffs' sole factual allegations to support their breach of the implied covenant of good faith and fair dealing relate to Wells Fargo's handling of their HAMP application. In essence, Plaintiffs claims consist of nothing more than another attempt to bring a private cause of action under HAMP.

The covenant of good faith and fair dealing does not give rise to an action separate from a breach of contract claim. The covenant is only violated when an action by either party violates, nullifies, or significantly impairs any benefit of a contract. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 289, 824 P.2d 841, 864 (1991). The covenant arises only in regard to terms agreed to by the parties. *Taylor v. Browning*, 129 Idaho 483, 490, 927 P.2d 873, 880 (1996). The covenant merely requires that the parties perform the contract's obligations in good faith, and no covenant will be implied which is contrary to the terms of the contract negotiated and executed by the parties. *Bushi v. Sage Health Care, PLLC*, 146 Idaho 764, 768, 203 P.3d 694, 698 (2009).

Plaintiffs here bring a claim for violation of the implied covenant of good faith and fair dealing by claiming that Wells Fargo improperly considered their HAMP application. As set forth above, Plaintiffs' HAMP application did not create a contract. Without that contract, Plaintiffs have no basis to assert a breach of the covenant of good faith and fair dealing. Plaintiffs' third cause of action should thus be dismissed.

**E.    Plaintiffs' Allegations Related to The Promissory Estoppel Claim are Insufficient to State a Claim for Relief.**

The factual allegations purportedly supporting Plaintiffs' promissory estoppel claim related solely to Wells Fargo's denial of Plaintiffs' HAMP application and are yet another

attempt by Plaintiffs to bring a private cause of action under HAMP. Additionally, Plaintiffs have failed to allege sufficient facts for a promissory estoppel claims.

The doctrine of promissory estoppel is only applied when there is a want of consideration. *See, Gillespie v. Mountain Park Estates*, LLC, 138 Idaho 27, 56 P.3d 1277 (2002); *Rule Sales & Serv., Inc. v. U.S. Bank Nat'l Ass'n*, 133 Idaho 669, 675, 991 P.2d 857, 863 (Idaho Ct. App. 1999).

In this case, Plaintiffs have not alleged a lack of consideration. Moreover, as set forth in Plaintiffs' own allegations, Wells Fargo never made a representation that Plaintiffs was approved for a HAMP modification. In fact, Plaintiffs specifically allege that Wells Fargo informed Plaintiffs that their HAMP application was being reviewed and ultimately that Wells Fargo determined that Plaintiffs were not eligible for relief under HAMP. Complaint, ¶¶ 42, 43, 44. Plaintiffs' belief or reliance that they would qualify for a HAMP loan modification before Wells Fargo reviewed their application is not reasonable. Plaintiffs' own allegations regarding their inquiries into the status of their loan modification contradict any claim that they reasonably relied on the fact that they would qualify for a HAMP loan modification. Accordingly, based on Plaintiffs failure to allege a lack of consideration and lack of factual allegations to support their assertion that their reliance was reasonable, Plaintiffs' promissory estoppel claim should be dismissed.

**F.    Plaintiffs' Claim for Implied Contract should be dismissed.**

Plaintiffs claim that Wells Fargo formed an implied contract with Plaintiffs through its course of conduct in processing the HAMP modification. Based on Plaintiffs' allegations related to the "conduct" of Wells Fargo, it appears that they are asserting a claim for a contract implied-in-fact. *Barry v. Pacific West Const., Inc.*, 140 Idaho 827, 834, 103 P.3d 440, 447 (2004). A

contract-in-fact exists where "there is no express agreement but the parties' conduct evidences an agreement." *Id.* This implied contract is a true contract whose existence and terms are inferred from the conduct of the parties. *Allen v. Dunston*, 131 Idaho 464, 466, 958 P.2d 1150, 1152 (1998).

Plaintiffs cannot here reasonably believe that the mere submission of their HAMP application would be sufficient to create an implied-in-fact contract. Wells Fargo never indicated or acted as if the HAMP application had been approved. Complaint, ¶¶ 42, 43, 44. There was simply no agreement or tacit understanding between the parties that Plaintiffs were entitled to a HAMP modification; in fact, Wells Fargo's communications with Plaintiffs established that Wells Fargo did not approve them for the HAMP modification. Accordingly, Plaintiffs have failed to allege sufficient facts to support their implied contract claim and their fifth cause of action should be dismissed.

### G.  Plaintiffs Fail to Adequately Plead a Fraud Claim.

Pursuant to Federal Rule of Civil Procedure 9(a), when pleading fraud, the alleged fraud "must be specific enough to give defendants notice of the particular misconduct." *Vess v. CIBA-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).[4] The defendants must be afforded the opportunity to defend against the charge and not just deny that they have done anything wrong. *Id.* Accordingly, claims of fraud must be accompanied by the "who, what, when, where, and how of the misconduct charged." *Id.* (internal quotations omitted). The plaintiff must set forth more than neutral facts necessary to identify the transaction. *Id.*

---

[4] The Federal Rules of Civil Procedure apply irrespective of whether the substantive law at issue is state or federal. *Id.* at 1102. Accordingly, this fraud cause of action is properly considered under the pleading requirements of F.R.C.P. 9(a). *Id.* at 1103.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 10

Plaintiffs allege a list of "material misrepresentations of facts" that were purported made by Wells Fargo, but Plaintiffs fail to provide any information regarding who made these alleged misrepresentations, when they were made, where they were made, or how they were made. Complaint, ¶ 113. These general statements do not provide Wells Fargo with sufficient information to properly defend itself against the fraud charge.

Further, not only do Plaintiffs fail to specify when, where, or how these purported misrepresentations occurred, but some of the claims within their fraud cause of action are directly contradicted by their other factual allegations. For example, as a part of their fraud claim, Plaintiffs assert that the foreclosure action was commenced while a HAMP application was pending, but, Plaintiffs' Complaint elsewhere alleges that they did not receive notice of a foreclosure sale until after their two HAMP applications were denied. Complaint, ¶¶ 43-45.

In addition to being overly vague, Plaintiffs' fraud allegations appear inconsistent with their other claims and they do not provide Wells Fargo with the opportunity to defend itself. Accordingly, Plaintiffs' sixth cause of action for fraud should be dismissed for failure to plead with particularity.

**H.     Plaintiffs' Negligent Misrepresentation Claim is not recognized in Idaho.**

Plaintiffs' seventh cause of action against Wells Fargo is for negligent misrepresentation based on Wells Fargo's failure to provide them with a HAMP loan modification. In Idaho, the cause of action for negligent misrepresentation is strictly limited to the narrow confines of a professional relationship involving an accountant. *Duffin v. Idaho Crop Improvement Assoc.*, 126 Idaho 1002, 1010, 895 P.2d 1195, 1203 (1994). None of Plaintiffs' allegations relate to an accountant, so their seventh cause of action for negligent misrepresentation must be dismissed for failure to a state a claim.

I.  **Plaintiffs' allegations related to the purported violations of the Real Estate Settlement Procedures Act are insufficient to state a claim for relief and must be dismissed.**

Plaintiffs claim that their correspondence seeking a HAMP modification is a "qualified written request" and that Wells Fargo's alleged failure to respond to it is a violation of the Real Estate Settlement Procedures Act ("RESPA"). The only communications Plaintiffs claim to have had with Wells Fargo were phone calls and information that Plaintiffs sent to Wells Fargo seeking a HAMP modification, and these were not "qualified written requests."

Under RESPA, if a servicer of a mortgage receives a "qualified written request" from a borrower, the servicer has a certain period of time in which to acknowledge receipt of the request and in which to respond to the qualified written request. A qualified written request must 1) enable the servicer to indentify the name and account of the borrower and 2) include "a statement of reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605. A borrower's letter is not a qualified written request if it does not fall within the plain meaning of "request" or "inquiry." *In re Thorian*, 387 B.R. 50, 70 (2008). Providing financial information and a letter explaining that financial information is not a request for information. *See id.*

Plaintiffs never allege that any of their communications included statements that their account was in error or that they were requesting information from Wells Fargo. Rather, any communication Plaintiffs had with Wells Fargo involved them providing financial information to Wells Fargo in hopes that they could obtain a loan modification. All other communications between Plaintiffs and Wells Fargo were phone call, not written requests. None of these communications with Wells Fargo are a qualified written request, and the predicate facts for a

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 12

RESPA claim are thus absent. Plaintiffs' eighth cause of action for violations of RESPA must be dismissed.

J.  **Plaintiffs' Claims for Violations of Truth in Lending Act and the Home Owners Equity Protection Act Must be Dismissed as Time Barred.**

In the Complaint, Plaintiffs seek damages and/or rescission based on alleged violations of the Truth in Lending Act ("TILA") and the Home Owners Equity Protection Act ("HOEPA"). A borrower is entitled to recover for damages under TILA and HOEPA only if the action to recover damages is brought within one year from the date the borrower became contractually obligated on the loan. 15 U.S.C. § 1635(g); 15 U.S.C. § 1640(e). A claim that is brought after this one-year statute of limitation is barred. *Id.*; *Kane v. Bosco*, 2010 U.S. Dist. LEXIS 128746 (D. Ariz., November 23, 2010). Further, a borrower is entitled to rescission under TILA and HOEPA only if the action is brought within three years from the date the borrower became contractually obligated on the loan. 15 U.S.C. § 1635(f).

Based on the fact that disclosures under the TILA arise at the time the parties enter into the loan, it can be presumed that the Plaintiffs are claiming that they were not provided with the proper documents at the time they became contractually obligated on the loan, which was in September 2007. Complaint, ¶ 33. Accordingly, the statute of limitations started running in September 2007. Plaintiff did not file the Memorandum of Law and Complaint in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order until January 19, 2011 so their claims for damages and/or rescission are far outside the applicable statutes of limitations.

Therefore, Plaintiffs' ninth and tenth causes of action for violations of TILA and HOEPA must be dismissed.

### K.   Wells Fargo is not Subject to the Idaho Consumer Protection Act.

Plaintiffs further allege that Wells Fargo's actions related to the HAMP application were willfully and maliciously deceiving and misleading and constitute an unfair and deceptive trade practice pursuant to the ICPA, Idaho Code § 48-803.

Under the ICPA, however, applies only when a consumer "purchases or leases goods or services." See Idaho Code § 48-608(1). The ICPA does not apply to obtaining or guaranteeing a loan. See *Idaho First Nat. Bank v. Wells*, 100 Idaho 256, 259, 596 P.2d 429, 432 (1979). *Id.* Idaho Code § 48-604; 15 U.S.C. § 45(a)(2). Accordingly, Plaintiffs' cause of action under Idaho Code § 48-603 fails to state a claim for relief.

### L.   Plaintiffs' Defamation, Libel, and Negligent Injury to Reputation are preempted by the Fair Credit Reporting Act.

Plaintiffs' common law defamation, libel, and negligent injury to reputation causes of action are all based on allegations related to Wells Fargo's alleged furnishing of credit information to credit reporting agencies. These state law claims are preempted by the Fair Credit Reporting Act ("FCRA"), and fail to state a valid claim for relief.

In the FCRA, Congress developed a scheme of uniform requirements regulating the use, collection, and sharing of consumer credit information. *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1182 (E.D. Cal. 2005). To maintain this uniformity, Congress included express preemption clauses in the FCRA relating to different aspects of consumer credit reporting, including the regulation of furnishers of credit information. *Id.* Pursuant to the FCRA,

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F)(ii). Section 1681s-2 sets forth the responsibilities of furnishers of information to consumer reporting agencies, including prohibitions against reporting information with actual knowledge of errors and duties to correct information.

Thus, pursuant to the statutory language, all state causes of action that would impose any requirement or prohibition on the furnishers of credit information are precluded. *Roybal*, 405 F.Supp.2d at 1182. In *Roybal*, the plaintiff brought various state law claims, including negligent misrepresentation and common law negligence. *Id.* These claims were based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, so they were completely preempted by the FCRA. *Id.* See also *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 362-62 (E.D. Pa. 2001) ("it is clear . . . that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish [credit] information"); *Hasvold v. First USA Bank*, 194 F.Supp.2d 1228, 1239 (D. Wyo. 2002) ("federal law under FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against defendant relating to it as a furnisher of information"); *Adams v. Martinsville DuPont Credit Union*, 573 F.Supp.2d 103, 118 (D. D.C. 2008) ("Plaintiff's claim for defamation is preempted by the FCRA").[5]

---

[5] In *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, the Ninth Circuit discussed the apparent conflict between 15 U.S.C. § 1681t(b)(1)(F)(ii) and 15 U.S.C. § 1681h(e). Although 15 U.S.C. § 1681t(b)(1)(F)(ii) appears to preempt all state law claims based on a creditor's responsibilities, § 1681h(e) suggests that a defamation claim can proceed against a creditor as long as the plaintiff alleges falsity and malice in the defamation claim. *Gorman*, 584 F.3d at 1166. The court failed to reach a resolution of that potential conflict because it decided the case on different grounds. *Id.* at 1167. However, the potential conflict is not relevant to the case at bar because Plaintiffs' fail to allege falsity and malice in their defamation and libel claims. Complaint, ¶¶ 164-78. Accordingly, Plaintiffs' defamation and libel claims are preempted under both provisions.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 15

Plaintiffs' claims for defamation, libel, and injury to reputation are based solely on Wells Fargo's allegedly improper credit reporting. Accordingly, Plaintiffs' twelfth thirteenth, and fourteenth causes of actions are preempted by the FCRA and should be dismissed.

**M.     Plaintiffs are prohibited from Bringing a Private Cause of Action under the FCRA.**

In their fifteenth and sixteenth causes of actions, Plaintiffs attempt to bring a private cause of action under certain provisions of the FCRA—15 U.S.C. § 1681m and 15 U.S.C. § 1681s-2(b). Pursuant to the express terms of the statutes, Plaintiffs are precluded from bringing a private cause of action under either of these provisions.

Plaintiffs first attempt to bring a cause of action under 15 U.S.C. § 1681m claiming that Wells Fargo allegedly furnished inaccurate credit information to the credit reporting agencies. However, pursuant to 15 U.S.C. § 1681m(h)(8)(B), § 1681m "shall be enforced exclusively . . . by the Federal agencies and officials identified in [§ 1681s]." Therefore, the statute expressly states that Plaintiffs are precluded from bringing a private cause of action under § 1681m.

Moreover, Plaintiffs' sixteenth cause of action is also improper because Plaintiffs are also precluded from bringing a private cause of action under § 1681s-2(a). As recognized by the Ninth Circuit Court of Appeals, a claim for the violation of the provisions under § 1681s-2(a) can only be pursued by federal or state officials, and not a private party. *Gorman*, 584 F.3d at 1162; 15 U.S.C. § 1681s-2(c)(1).

In their sixteenth cause of action, Plaintiffs make the following allegations: (1) Wells Fargo furnished credit information regarding Plaintiffs to credit reporting agencies despite the fact that it knew or had reason to know that such information was inaccurate; (2) Wells Fargo failed to promptly notify a credit reporting agency that it furnished false or inaccurate information about Plaintiffs; and (3) Wells Fargo furnished negative information to a credit

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 16

reporting agency regarding credit extended to Plaintiffs, but failed to provide a notice of such furnishing of negative information to Plaintiffs. Complaint, ¶¶ 205-07. Although Plaintiffs fail to cite the specific provision upon which they rely, it is clear that they are claiming violations of § 1681s-2(a). 15 U.S.C. § 1681s-2(a)(1), (2), (7).[6] Accordingly, Plaintiffs are improperly attempting to bring a private cause of action under § 1681s-2(a) and their sixteenth cause of action must be dismissed.

N. **Wells Fargo Owes No Duty to Plaintiffs, so Plaintiffs' Negligence Claim Fails.**

In their seventeenth cause of action, Plaintiffs claim that Wells Fargo has a duty to evaluate borrowers whose loans they service with a reasonable level of care for inclusion in HAMP. Plaintiffs are again attempting to bring a private cause of action under HAMP. Moreover, Plaintiffs have failed to allege a valid duty. To the extent that the Plaintiffs are attempting to assert a fiduciary duty, it is well established that a lender does not owe a fiduciary duty to a debtor. And, since the only loss Plaintiffs allege is economic, they have no claim in negligence. *See Brian and Christie, Inc., v. Leishman Electric, Inc.*, 244 P.3d 166 (2010).

In Idaho, the relationship between a bank lender and a borrower is a debtor-creditor relationship, not a fiduciary relationship. *Black Canyon Racquetball Club v. First Nat. Bank*, 119 Idaho 171, 176, 905, 804 P.2d 900 (1991). Other than blanket statements that Wells Fargo

---

[6] Specifically, 15 U.S.C. § 1681s-2(a)(1)(A) states "[a] person shall not furnish any information related to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate"; § 1682s-2(a)(2) provides that a person who has furnished inaccurate or incomplete information to a consumer reporting agency "shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information"; and § 1681s-2(a)(7)(A)(ii) provides that any financial institution that provides negative information to a consumer reporting agency "shall provide a notice of such furnishing of negative information, in writing, to the consumer."

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 17

breached its duty to Plaintiffs by failing to provide Plaintiffs with a loan modification, Plaintiff has asserted no facts that support anything other than a debtor-creditor relationship between Plaintiffs and Wells Fargo.

Plaintiffs have failed to allege any relationship exists between Plaintiffs and Wells Fargo that might give rise to a duty and have failed to sufficiently allege that Wells Fargo breached any alleged duty. Accordingly, Plaintiffs' cause of action for negligence should be dismissed.

### O.  Plaintiffs' intentional, reckless, and/or negligent infliction of emotional distress claims are without merit.

In addition to their claim for negligence, Plaintiffs also claim that they are entitled to compensation for intentional, reckless, and/or negligent infliction of emotional distress. Wells Fargo does not owe any duty to Plaintiffs, so their claim for negligent infliction of emotional distress must fail.

Under Idaho law, a claim for intentional infliction of emotional distress has four elements "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a casual connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Nation v. Dept. of Corrections*, 144 Idaho 177, 192, 158 P.3d 953, 968 (2007). Even if the plaintiff suffers extreme emotional distress, no damages are awarded in the absence of extreme and outrageous conduct by the defendant. *Id.* The conduct must be "atrocious" or "beyond all possible bounds of decency." *Id.*

In this case, Plaintiffs' allegations about the conduct of Wells Fargo are far from extreme and outrageous. Even taking all of Plaintiffs' allegations as true, Wells Fargo, at most, failed to approve Plaintiffs' HAMP application, mishandled phone calls, and commenced foreclosure

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 18

proceedings after denying Plaintiffs' HAMP applications. Plaintiff fails to even allege that this rational commercial conduct was extreme or outrageous.

Idaho recognizes the tort of negligent infliction of emotional distress, but there must be a breach of a recognized legal duty in order to support a claim. *Nation v. Dept. of Corr.*, 144 Idaho 177, 192, 158 P.3d 953, 967 (2007). If there is no duty in negligence, there cannot be a claim for negligent infliction of emotional distress. *Id.* Plaintiffs fail to allege that Wells Fargo owes any duty to them. Even if they are somehow claiming a fiduciary duty, as set forth above, Wells Fargo, in an arms-length transaction, does not owe Plaintiffs a fiduciary duty. Plaintiffs fail to set forth any basis for a duty in negligence, so their negligent infliction of emotional distress must fail due to a lack of duty. Accordingly, Plaintiffs' eighteenth cause of action must be dismissed.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiffs have failed to state any valid claim for relief against Wells Fargo. Accordingly, Plaintiffs' Complaint against Defendants Wells Fargo Home Mortgage; Wells Fargo Bank, N.A.; Wells Fargo Financial; Wells Fargo Bank; and Wells Fargo and Company must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED THIS 26th day of April, 2011.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Kenneth C. Howell, ISB No. 3235
Attorneys for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2011, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Lance E. Olsen
ecfid@rcflegal.com


AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

| Treig and Heather Wood | __X__ U.S. Mail, Postage Prepaid |
| 7904 Balta Lane | _____ Hand Delivered |
| Coeur d'Alene, ID 83815 | _____ Overnight Mail |
|  | __X__ E-mail |
|  | _____ Telecopy: 888.259.8757 |

_____
Kenneth C. Howell

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 20